IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
25-mj-280 SGE

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A COMPLAINT AND ARREST WARRANT**

I, Cole Taylor Scribner, being first duly sworn under oath, depose and state as follows:

## INTRODUCTION

1. I am a Special Agent of the Federal Bureau of Investigation ("FBI") and have been so employed for approximately five years. I am currently assigned to the FBI Minneapolis Violent Crime Task Force. My duties and responsibilities include conducting criminal investigations of individuals and entities for possible violations of federal laws, particularly those laws found in Title 18 of the United States Criminal Code. I have participated in several investigations which have resulted in the arrests, searches, seizures, and convictions of individuals who have participated in violent robberies, fugitive, and carjacking matters. The facts in this affidavit come from my training and experience, and information obtained from and/or relayed to me by other law enforcement agents and witnesses. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of a search warrant, I have not included each and every fact known to me or the government concerning this investigation. Rather, your Affiant sets forth only those facts necessary to establish probable cause.

1. This affidavit is submitted in support of a criminal complaint against Frederick Leroy CRANDALL (hereafter referred to as CRANDALL) on grounds that he knowingly and intentionally committed a violation of Title 18, United States Code, Sections 922(g)(1)

and 924(a)(8) (Felon in Possession of a Firearm).

2. The facts and information contained in this affidavit are based upon my personal knowledge, training, and experience; and on information obtained from other law enforcement officers/agents involved in the investigation and incident.

3. This affidavit contains the information necessary to support probable cause for the requested criminal complaint and arrest warrant. It is not intended to include each and every fact and matter known to those involved in the investigation.

## PROBABLE CAUSE

4. Your Affiant is aware that CRANDALL has been convicted of the following felony offenses in the State of Minnesota, each of which was punishable by a term of imprisonment exceeding one year: (1) Felon in Possession of a Firearm, District of Minnesota, April 2003; (2) Possession of Contraband in a Correctional Facility, St. Louis County, Minnesota; (3) First Degree Aggravated Robbery, St. Louis County, Minnesota, June 1996; (4) First Degree Burglary, St. Louis County, June 1996; (5) Second Degree Burglary, St. Louis County, Minnesota, November 1994; and (6) Second Degree Assault, St. Louis County, Minnesota, January 1989;

5. According to CRANDALL'S criminal history records, among other sentences he has received, CRANDALL was sentenced to 188 months in prison for his most recent federal conviction for Felon in Possession of a Firearm in 2003.

6. At approximately 5:30 a.m. on May 8, 2025, deputies with the Wright County Sheriff's office arrived at an apartment located on Mindy Lane, in Montrose, Minnesota to execute a search warrant. CRANDALL, who was occupying the residence with his wife, did

not initially allow officers entry after they announced they had a search warrant. After officers demanded CRANDALL to come to the door multiple times officers heard someone say something to the effect of "what do you think of this" and then heard a gunshot from within the residence. After approximately 30 minutes after the gunshot, CRANDALL's wife came out of the residence unharmed, but CRANDALL refused to come out.

7. A Wright County Sheriff's negotiator called CRANDALL and attempted to talk to him to deescalate the situation and CRANDALL told the negotiator that he had fired a warning shot. After approximately 5 hours, CRANDALL came out of the residence unarmed and was safely taken into custody by law enforcement.

8. Officers searched the residence and recovered 5 firearms including 2 pistols without serial numbers commonly referred to as "ghost guns," and 3 other pistols. Among the firearms recovered was a Glock Model 17, 9mm, semi-automatic pistol bearing serial number KZT776. Officers also recovered precursor materials that could be combined to make explosives, and literature and notes known to law enforcement to be used in the making of explosives.

9. Following his arrest, CRANDALL was given the Miranda Warning and interviewed by law enforcement. CRANDALL admitted that he fired a round into the ceiling of the apartment when the officers first arrived because he "was not trying to go to jail that day." CRANDALL also admitted to being in possession of the other recovered firearms and explosive materials.

10. Your Affiant knows, based on conversation with a member of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), that the Glock Model 17, 9mm, semi-

automatic pistol bearing serial number KZT776 was manufactured outside the State of Minnesota, and therefore had to travel in interstate commerce before being recovered in CRANDALL's possession on May 8, 2025.

11. Based on the above information, I submit there is probable cause to believe that CRANDALL, knowing that he had been previously convicted of at least one crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess a firearm which had traveled in or affected interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

Further your Affiant sayeth not.

Cole Taylor Scribner, FBI Special Agent

SUBSCRIBED and SWORN before me
by reliable electronic means via Zoom
and email pursuant to Fed. R. Crim. P. 4.1,
on May 9, 2025.

The Honorable Shannon G. Elkins
United States Magistrate Judge